UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

ORIENT EXPRESS CONTAINER CO., LTD.

  Plaintiff,

v.

INDUSTRIA MEXICANA DE SABORES, S.A. DE C.V.

  Defendant,

CITROSUCO NORTH AMERICA, INC.; TREATT USA, INC.;
CVISTA, LLC; PEACE RIVER CITRUS PRODUCTS, INC.;
FOOD PARTNERS, INC.; ODYSSEY FOODTRANS LLC;
and FLORACHEM CORPORATION,

  Garnishees.

_____

**PLAINTIFF ORIENT EXPRESS CONTAINER CO., LTD.'s
VERIFIED COMPLAINT PURSUANT TO SUPPLEMENTAL RULE B**

Plaintiff ORIENT EXPRESS CONTAINER CO., LTD. ("OEC" or "OEC Group") by and through undersigned counsel, sues Defendant INDUSTRIA MEXICANA DE SABORES, S.A. DE C.V. ("INDUMESA") as follows:

1. This action is being filed under Rule 9(h) of the Federal Rules of Civil Procedure.

2. Subject matter jurisdiction is appropriate pursuant to 28 U.S.C. §1333.

1

## PARTIES

3. Plaintiff ORIENT EXPRESS CONTAINER CO., LTD. is a foreign business entity, organized under the laws of the British Virgin Islands, with its registered office at 30 de Castro Street, Road Town, Tortola, British Virgin Islands, and with its principal place of business at 7F, 131, Sec 3, Nanking E. Rd., Taipei 104 Taiwan. Plaintiff issued, or had issued on its behalf as carrier, bills of lading to Defendant.

4. Upon information and belief, Defendant INDUSTRIA MEXICANA DE SABORES, S.A. DE C.V. is a business entity organized under the laws of the Federal Republic of Mexico, with a principal place of business in Mexico City, Mexico.

5. Upon information and belief, Garnishee CITROSUCO NORTH AMERICA, INC. is a business entity organized under the laws of the state of Delaware, registered to do business in Florida and with a principal place of business in Lake Wayne, Florida.

6. Upon information and belief, Garnishee TREATT USA, INC. is a business entity organized under the laws of the state of Florida with its principal place of business in Lakeland, Florida.

7. Upon information and belief, Garnishee CVISTA, LLC is a limited liability company organized under the laws of the state of Florida with its principal place of business in Riverview, Florida.

8. Upon information and belief, Garnishee PEACE RIVER CITRUS PRODUCTS, INC. is a for-profit corporation organized under the laws of Florida with its principal place of business located in Arcadia, Florida.

9. Upon information and belief, Garnishee FOOD PARTNERS, INC. is a for-profit corporation organized under the laws of Florida with its principal place of business located in Winter Haven, Florida.

10. Upon information and belief, Garnishee ODYSSEY FOODTRANS LLC is a limited liability company organized under the laws of Delaware registered to do business in Florida and with a principal place of business in Clewiston, Florida.

11. Upon information and belief, Garnishee FLORACHEM CORPORATION is a for-profit corporation organized under the laws of Florida with its principal place of business located in Jacksonville, Florida.

## FACTS

12. OEC Group issued 53 Bills of Lading (collectively the "Bills") to Defendant in March and April, 2021. Each of the Bills were identical in form to the sample Bill attached hereto as *Exhibit 1* and incorporated by reference.

13. Each of the 53 Bills' primary objectives was to coordinate transportation of Defendant's goods by sea to Florida ports.

14. OEC Group successfully met all of its obligations under the Bills and coordinated the delivery of the goods in accordance with the relevant terms of the Bills.

15. Defendant failed to meet its payment obligations under the Bills. The specific amounts that Defendant failed to pay under each of the Bills for freight and various destination charges, including import duties, are compiled on Page 1 of the spreadsheet (US $540,344.70) attached hereto as *Exhibit 2* and incorporated by reference. In addition, Defendant failed to pay MX $131,167.00 in origin waiting time, and MX $37,207.00 in export duties, as further evidenced on pages 2 and 3 of *Exhibit 2*.

16. Defendant's failure to pay US $548,785.54 (calculated by converting the unpaid amount in Pesos to US Dollars and then adding to the outstanding amount owed on Page 1 of *Exhibit 2*) owed under the terms of the Bills constitutes a breach of the Bills.

17. Defendant has repeatedly acknowledged that it has outstanding amounts due and owing to OEC Group.

18. OEC Group thereby sustained damages in the principal amount of at least US $548,785.54, plus attorney fees.

19. Plaintiff brings this action pursuant to Supplemental Rule B solely to obtain personal jurisdiction over Defendant and to obtain security for its claims.

## BREACH OF MARITIME CONTRACT UNDER U.S. LAW

20. Paragraphs 1 through 19 of this Complaint are repeated and realleged as if the same were set forth here at length.

21. Defendant breached its obligations under certain Bills by failing to make timely payments of freight and miscellaneous charges issued in connection with the foregoing. In addition, Defendant covenanted to remain liable to and indemnify Plaintiff for, amongst other things, any duty incurred by or levied upon Plaintiff pursuant to Plaintiff arranging carriage of the goods. *Exhibit 1 Terms and Conditions* 7(e) at 6.

22. The Bills are maritime contracts under the Carriage of Goods by Sea Act of the United States, approved April 16, 1936 ("COGSA") as they are contracts for carriage of goods to US ports and OEC Group specifically reserved all of its rights under COGSA in its underlying Terms and Conditions, Section 4(a). *See Exhibit 1*.

23. By failing to pay the amounts owed to Plaintiff, Defendant has thereby breached a maritime contract under the applicable laws of the United States.

## SUPPLEMENTAL RULE B ALLEGATIONS

24. Paragraphs 1 through 19 of this Complaint are repeated and realleged as if the same were set forth here at length.

25. Upon information and belief, and after investigation (as more fully described in the Declaration of Luke Zadkovich), Defendant cannot be found within this District within the meaning of Supplemental Rule B. (*See* Declaration of Luke Zadkovich attached hereto as *Exhibit 3*).

26. Upon information and belief, Defendant has or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of Garnishees within the District which are believed to be due and owing to Defendant. Specific Garnishees holding assets due and owing to Defendant include: CITROSUCO NORTH AMERICA, INC.; TREATT USA, INC.; CVISTA, LLC; PEACE RIVER CITRUS PRODUCTS, INC.; FOOD PARTNERS, INC.; ODYSSEY FOODTRANS LLC; and FLORACHEM CORPORATION.

27. Plaintiff seeks an Order from this Court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Supplemental Rule B, attaching, *inter alia*, any assets of Defendant held by garnishees within the district, specifically the Garnishees listed in the

preceding paragraph, for the purpose of obtaining personal jurisdiction over Defendant and to secure Plaintiff's claims, as described above.

WHEREFORE, Plaintiff prays for the following:

(A)  That process in due form of law issue against Defendant citing it to appear and answer under oath all and singular the matters alleged in this Verified Complaint, failing which default judgment be entered against it in the sum of US $548,785.54 plus interest;

(B)  That since Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, the Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Supplemental Rule B, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any funds up to the amount of US $548,785.54, belonging to, due or being transferred to, from or for the benefit of Defendant, including, but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of garnishees to be named, and

specifically the Garnishees named in this Verified Complaint, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Rule B answer the matters alleged in this Verified Complaint;

(C) That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

(D) That this Court recognize and confirm any judgment(s) rendered on the claims against Defendant set forth herein as a judgment of this Court;

(E) That this Court award Plaintiff the attorney fees and costs incurred in this action; and

(F) For such other and further relief as the Court deems just and proper.

Dated:    June 2, 2021
          Miami, Florida

　　　　　　　　　　　　　　　　　　　　 *//S//Jonathan S. Cooper, Esq.//*
　　　　　　　　　　　　　　　　　　　　 Jonathan S. Cooper
　　　　　　　　　　　　　　　　　　　　 Florida Bar Number: 99376
　　　　　　　　　　　　　　　　　　　　 jcooper@shiplawusa.com
　　　　　　　　　　　　　　　　　　　　 Blanck & Cooper, PA
　　　　　　　　　　　　　　　　　　　　 5730 SW 74th St. Ste. 700
　　　　　　　　　　　　　　　　　　　　 Miami, FL 33143
　　　　　　　　　　　　　　　　　　　　 Telephone: (305) 663-0177
　　　　　　　　　　　　　　　　　　　　 Facsimile: (305) 663-0146

*Local Counsel for Plaintiff*
ORIENT EXPRESS CONTAINER
CO., LTD.

Luke F. Zadkovich*
luke.zadkovich@zeilerfloydzad.com
Zeiler Floyd Zadkovich (US) LLP
215 Park Ave. South, 11th Floor
New York, NY 10003
Telephone: (332) 213-0670

*Counsel for Plaintiff*
ORIENT EXPRESS CONTAINER CO., LTD.

\**Pro-hac vice* application forthcoming